UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                          |   |                          |
|------------------------------------------|---|--------------------------|
| ROHRER CORPORATION,                      | : | CASE NO. 1:18-cv-1793    |
| Plaintiff,                               | : |                          |
| vs.                                      | : | ORDER OF STAY AND        |
|                                          | : | STATISTICALLY CLOSING CASE |
| INDUSTRIAL PRINTING SOLUTIONS, INC., *et al.*, | : |                          |
| Defendants.                              | : |                          |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 14, 2018, Plaintiff Rohrer notified the Court that on October 30, 2018, Defendant Industrial Printing Solutions filed for Chapter 7 bankruptcy.[1]

Accordingly, the action against Defendant Industrial Printing Solutions is stayed under 11 U.S.C. § 362(a). Even though Plaintiff's October 24, 2018 motion for default judgment against Defendant Industrial Printing Solutions pre-dates Industrial Printing Solutions' bankruptcy petition,[2] the Court had not yet acted on the default judgment motion, and a bankruptcy petition stays the continuation of a judicial proceeding against the debtor.[3]

The automatic bankruptcy stay also applies to co-defendant Lorenzo Lasater.[4] A debtor defendant's bankruptcy petition typically does not stay an action as to other co-

---

[1] Doc. 17.
[2] Doc. 13.
[3] 11 U.S.C. § 362(a)(1); *see, e.g.*, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000).
[4] Because the parties also believe that the 11 U.S.C. § 362 stay applies to Defendant Lorenzo Lasater, Plaintiff Rohrer moved the Court for an extension of time to respond to Defendant Lasater's motion to dismiss up through the end of the automatic bankruptcy stay. Doc. 19.

Case No. 1:18-cv-1793
Gwin, J.

defendants.[5] The bankruptcy petition does stay the case when the action against the non-debtor defendants could adversely impact the property of the debtor's estate.[6] Such is the case here. The resolution of the alter-ego and corporate veil-piercing claim against Defendant Lasater could affect debtor Defendant Industrial Printing Solutions' assets, and thus deplete the bankruptcy estate.[7]

Further proceedings in this matter are stayed and the case statistically closed, subject to reopening upon written motion of a party in interest after either a dismissal of the bankruptcy case or the granting of relief from the stay imposed by Sec. 362 of the Bankruptcy Code, or any injunction imposed by virtue of Sec. 524 of the Bankruptcy Code.

IT IS SO ORDERED.

Dated: December 3, 2018              *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[5] *See, e.g., Patton v. Bearden*, 8 F.3d 343, 348–49 (6th Cir. 1993).

[6] 11 U.S.C. § 362(a)(3); *see In re Nat. Century Fin. Enterprises, Inc.*, 423 F.3d 567, 578 (6th Cir. 2005) (citation omitted).

[7] *See id*. *See also Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1153 (5th Cir. 1987) (holding that an alter-ego claim under Texas law against the nondebtor defendant was automatically stayed upon the debtor defendant's filing for bankruptcy).